**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4944**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHEN MCCORMICK,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:11-cr-00080-TLW-2)

Submitted: February 17, 2012          Decided: March 8, 2012

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Thomas McBratney, III, MCBRATNEY LAW FIRM, PA, Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina; Robert Frank Daley, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen McCormick appeals his conviction and the 110-month sentence imposed following his guilty plea to felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2006). Counsel for McCormick filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the district court complied with the Federal Rules of Criminal Procedure 11, erred in enhancing McCormick's offense level by four levels, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6) (2010), or imposed an unreasonable sentence. Counsel states, however, that he has found no meritorious grounds for appeal. McCormick received notice of his right to file a pro se supplemental brief, but did not file one. The Government declined to file a brief. Because we find no meritorious grounds for appeal, we affirm.

Because McCormick did not move in the district court to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [McCormick] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Here, the record confirms that the district court substantially complied with the

2

requirements of Rule 11. Accordingly, we conclude that McCormick's guilty plea was knowing and voluntary.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

We conclude that the sentence imposed by the district court was both procedurally and substantively reasonable. The district court did not err in enhancing McCormick's offense level for possessing the firearms in connection with another felony offense, as the Guidelines specify that the enhancement applies to the circumstances of McCormick's crime. USSG § 2K2.1 cmt. n.14(B). The district court correctly calculated the

3

Guidelines range and understood that it was advisory, considered the § 3553(a) factors, and adequately explained the sentence. Thus, we conclude that the court imposed a reasonable sentence under the circumstances.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McCormick, in writing, of the right to petition the Supreme Court of the United States for further review. If McCormick requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McCormick. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4
